UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-62915

SERGE SARIC, individually and on behalf of all those similarly situated,

 Plaintiff,

v.

TRANS-CONTINENTAL CREDIT & COLLECTION CORP.,

 Defendants.

_____/

**CLASS ACTION**

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff SERGE SARIC ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant TRANS-CONTINENTAL CREDIT & COLLECTION CORP. ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

### 1. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here

### 2. PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4. Defendant is a New York corporation, with its principal place of business located in White Plains, New York.

5. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

6. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

### 3. DEMAND FOR JURY TRIAL

7. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

### 4. ALLEGATIONS

8. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. In particular, the Consumer Debt represents the purportedly unpaid amount Plaintiff owes to Mt. Sinai Dermatopathology Services (the "Creditor") for the Creditor's provision of medical services to Plaintiff.

9. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10. Defendant is a business entity engaged in the business of collecting consumer debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

13. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA9903882.

14. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

15. The records specified by Rule 69V-180.080, Florida Administrative Code, of which does Defendant maintain, are current to within one week of the current date.

16. The Consumer Debt is a "debt" governed by the FDCPA. *See* 15 U.S.C § 1692a(5).

17. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

18. Defendant is a "debt collector" as defined by the FDCPA. *See* 15 U.S.C § 1692a(6).

19. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

20. Defendant mailed a letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

21. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

22. Defendant identifies itself as a "debt collector" in the Collection Letter.

23. In the Collection Letter, directly under the heading "**WE ARE PERMITTED UNDER THE LAW TO ASSUME THIS DEBT IS VALID**," Defendant states "More than 30 days have passed since we sent you our first written notice concerning this debt and we have not been advised by you that you dispute this debt. As such, at this time we are permitted under the law to assume that this debt is valid." *See* Exhibit A (emphasis original).

### 5.    CLASS ALLEGATIONS

24. This action is brought on behalf of the "FDCPA Class," of which is defined as: (1) all persons with Florida addresses (2) who were mailed a letter (3) from and/or by Defendant (4)

in an attempt to collect a debt (5) during the twelve [12] months preceding the filing of this Complaint and (6) said letter contains the above-quoted language, *see* Supra ¶ 24.

25. Plaintiff alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida which identically violate the FDCPA due to the identical language used therein, as identified below.

5.1  EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

26. Common questions of law and fact exist as each of the proposed classes and otherwise predominate over any issues involving only individual class members.

27. The factual issues common to the FDCPA Class are whether members were mailed a letter from and/or by Defendant, whether said letter attempts to collect a consumer debt, and whether said letter contained the above-quoted language, *see* Supra ¶ 24.

28. The principal legal issue for the FDCPA Class is whether Defendant, by using the above-quoted language in the collection letters, *see* Supra ¶ 24, violated § 1692g(b), § 1692e, § 1692e(2)(A), § 1692e(5), and/or § 1692e(10) of the FDCPA.

29. Excluded from the FDCPA Class are Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

5.2  TYPICALITY

30. Plaintiff's claims are typical of the claims of each class' members and are based on the same facts and legal theories.

5.3  ADEQUACY

31. Plaintiff is an adequate representative of each of the classes.

32. Plaintiff will fairly and adequately protect the interests of the classes.

33. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4   PREDOMINANCE AND SUPERIORITY

34. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

   (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692e, e(2)(A), e(5), e(10), & § 1692g(b)**

36. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-35 as though fully set forth herein.

37. With respect to the matter at hand, as noted above, within the Collection Letter, directly under the heading "**WE ARE PERMITTED UNDER THE LAW TO ASSUME THIS DEBT IS VALID**," Defendant states: "More than 30 days have passed since we sent you our first

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

written notice concerning this debt and we have not been advised by you that you dispute this debt. As such, at this time we are permitted under the law to assume that this debt is valid." *See* <u>Exhibit A</u> (emphasis original).

38. Section 1692g(a) of the FDCPA states, in relevant part: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing … (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a); 15 U.S.C. § 1692g(a)(3).

39. Here, in simplest terms, the Collection Letter misstates the law, and more critically, wrongfully causes the least sophisticated consumer to believe that Defendant is "permitted under the law" to assume the underlying debt is valid *if more than 30-days have passed since Defendant sent the consumer Defendant's first written notice concerning the underlying debt*. In reality, Defendant's ability to assume the validity of the underlying debt does not arise until 30-days after the consumer **receives** said written notice – *not within 30-days of sending such notice*.

40. As such, by falsely stating what it (Defendant) is permitted to do "under the law," as well as misleads and/or deceives the least sophisticated consumer with respect to the rights and/or protections afforded to the consumer under § 1692g(a) of the FDCPA, Defendant, by and through the Collection Letter, violates § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), and § 1692g(b) of the FDCPA.

41. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(a)   Statutory damages, as provided under 15 U.S.C. §1692k;

(b)   Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c)   Such other or further relief as the Court deems proper.

DATED: November 25, 2019

                                 Respectfully Submitted,

                                 /s/ Jibrael S. Hindi
                                **JIBRAEL S. HINDI, ESQ.**
                                Florida Bar No.: 118259
                                E-mail:   jibrael@jibraellaw.com
                                **THOMAS J. PATTI, ESQ.**
                                Florida Bar No.: 118377
                                E-mail:   tom@jibraellaw.com
                                The Law Offices of Jibrael S. Hindi
                                110 SE 6th Street, Suite 1744
                                Fort Lauderdale, Florida 33301
                                Phone:    954-907-1136
                                Fax:        855-529-9540

                                *COUNSEL FOR PLAINTIFF*